UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:

EXPERIENCE, INC.

    Plaintiff

v.

CSO RESEARCH, INC.

    Defendants

04 11127 JLT

MAGISTRATE JUDGE _____

RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK_____
DATE_____

**COMPLAINT AND JURY DEMAND**

**INTRODUCTION**

1. This is an action for copyright infringement under 17 U.S.C. § 101 et seq. Plaintiff brings this action based on defendant CSO Research, Inc.'s ("CSO") development, marketing, sale and distribution of computer software which, upon information and belief, constitutes an unauthorized and infringing derivative work based on software originally developed by Erik Mulloy, defendant's founder and president. Mr. Mulloy relinquished all right, title and interest in the original software that he developed, and through a series of corporate transactions, all rights in the original software belong exclusively to Experience, Inc. ("Experience"). Upon information and belief, the new software developed and sold by CSO is substantially similar to the original computer software developed by Mulloy. Plaintiff seeks injunctive relief and damages.

**THE PARTIES**

2. Experience is a Delaware corporation, with a principal place of business at One Faneuil Hall Marketplace, Third Floor, Boston, Massachusetts.

3. Upon information and belief, CSO is a Texas corporation, with its principal offices located in Austin, Texas.

## JURISDICTION AND VENUE

4. This Court has exclusive and original jurisdiction over the subject matter of this action based upon the Copyright Law of the United States, 17 U.S.C. § 101 et seq. as a federal question arising therefrom under 28 U.S.C. §§ 1331, 1338(a). This Court has supplemental jurisdiction over the claims of the plaintiff under the common law of the Commonwealth of Massachusetts which are related to the claims in the action which are within the scope of the original jurisdiction of this Court, 28 U.S.C. § 1367(a).

5. This Court has personal jurisdiction over the defendants pursuant to Massachusetts General Laws chapter 223A, § 3 (the Massachusetts Long-Arm Statute). In particular, among other things, CSO provides services to customers within the Commonwealth of Massachusetts, including, upon information and belief, Simmons College in Boston, Massachusetts. Upon information and belief, CSO conducted a roundtable discussion in Boston on May 14, 2004, and maintains an interactive website which solicits participation in a "Needs Analysis Survey" that is accessible to prospective customers within Massachusetts.

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

7. Experience has been a pioneer and innovator in the educated talent recruiting market since 1996. Its university-powered recruiting solutions help employers connect to the nation's largest network of diverse and educated talent. Experience pioneered the first web-based college recruiting platform, which has since become the standard in the college market. Experience offers employers the university advantage across all stages of recruiting, from entry-

level to experienced. Each year over 100,000 recruiters access millions of candidates across more than 500 U.S. colleges and universities through Experience's recruiting solutions. Employers can manage even the largest-scale recruiting program efficiently across multiple campuses, online job boards and corporate web sites using Experience products.

8. In or around the mid to late 1980's, Erik Mulloy ("Mulloy"), CSO's president, founded Academic Software, Inc. ("ASI"), and through ASI, developed and marketed a computer software package entitled "1stPlace!."

9. Pursuant to 17 U.S.C. § 101 et seq., Mulloy was granted the exclusive rights and privileges in and to the copyright for said computer software and received from the Registrar of Copyrights Certificates of Registration relating to a family of related software programs, dated and identified as follows:

| | | | |
|---|---|---|---|
| a. | 1stPlace! for Schools Version 5.5 | TX 3-231567 | 12-10-91 |
| b. | 1stPlace! for Employers Version 2.0 | TX 3-231575 | 12-10-91 |
| c. | 1stPlace! Internet Server 1.0 | TX 4-139928 | 08-25-95 |
| d. | 1stPlace! Version 5.70 | TX 4-139932 | 08-25-95 |
| e. | 1stPlace! Web Walkup Module | TX 4-422909 | 11-19-96 |

All such software shall be referred to collectively herein as "1stPlace!". Copies of the Certificates of Registration for 1stPlace! are attached as Exhibits 1-5.

10. Pursuant to a Stock Purchase Agreement dated as of June 16, 1999 among ASI, the selling shareholders of ASI, including Mulloy, and the Tribune Company ("Tribune"), Tribune purchased all of the capital stock of ASI. On or about June 16, 1999, and in connection with Tribune's acquisition of ASI, Mulloy assigned all right, title and interest in 1stPlace! to ASI. A copy of Mulloy's Copyright Assignment to ASI is attached as Exhibit 6.

3

11. Upon information and belief, near the end of 1999, Tribune and the Washington Post joined forces to create a new company, Brass Ring, Inc. ("Brass Ring"). Further upon information and belief, Tribune merged ASI into the campus division of Brass Ring.

12. On or about August 7, 2001, Experience executed an Asset Purchase Agreement with Brass Ring and its subsidiaries, including ASI. Pursuant to that agreement, Experience acquired certain assets of Brass Ring and ASI, including certain computer software products that Brass Ring and ASI licensed, sold or otherwise distributed or delivered to colleges or universities for use by their undergraduate career centers. Significantly, through this asset purchase transaction, Experience acquired all right, title and interest in the 1stPlace! software developed by Mulloy.

13. Upon information and belief, despite relinquishing all rights in 1stPlace!, Mulloy and CSO have developed a new, competing computer software package known as "Interfase CS," which is substantially similar to 1stPlace!, and which therefore constitutes an unauthorized, and infringing derivative work.

## STATEMENT OF CLAIMS

### COUNT I
### Copyright Infringement (17 U.S.C. § 101 et seq.)

14. Experience repeats and incorporates herein by reference the allegations contained in paragraphs 1 through 13 as if the same were fully set forth herein.

15. By virtue of Mulloy's assignment of the 1stPlace! copyrights to ASI, and the subsequent Asset Purchase Agreement among ASI, Brass Ring and Experience, Experience is the sole and exclusive owner of all right, title and interest in United States Copyright Registration Numbers TX 3-231567, TX 3-231575, TX 4-139928, TX 4-139932, and TX 4-422909 for the 1stPlace! family of computer software.

16. Upon information and belief, the 1stPlace! family of computer software was introduced by Mulloy and/or ASI at least as early as December 1991, if not earlier, and had been supported by ASI and/or Brass Ring at least through August 2001, when the software was acquired by Experience.

17. The 1stPlace! software is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

18. As the developer of 1stPlace!, Mulloy had access to the copyrighted software. Upon information and belief, CSO likewise had access to 1stPlace! through Mulloy, CSO's founder and president.

19. Upon information and belief, CSO, without the permission or authorization of Experience, began and has continued to develop, market and sell the Interfase CS computer software which reproduces and/or incorporates protectable elements of 1stPlace! with actual or constructive knowledge that the Interfase CS software infringes upon Experience's copyrights in 1stPlace!.

20. Upon information and belief, CSO has profited from the sale of the Interfase CS computer software, which is derived from, and infringes 1stPlace!.

21. Upon information and belief, CSO, unless enjoined by this Court, intends to continue its course of conduct and to wrongfully use, infringe upon, distribute, contribute to, and actively participate in the distribution of, and otherwise profit from Experience's copyrighted 1stPlace! computer software.

22. The natural, probable and foreseeable results of CSO's wrongful conduct has been and continues to be to deprive Experience of the rights and benefits granted to it under the Copyright Act.

23. Upon information and belief, CSO, by its actions as alleged above, with actual or constructive knowledge, has infringed and violated Experience's exclusive rights under copyright in violation of the Copyright Act, 17 U.S.C. § 501, by developing, promoting, distributing, and selling computer software that is substantially similar to 1stPlace!, all without Experience's authorization or consent.

24. Upon information and belief, CSO's infringement of Experience's copyrights is willful and deliberate and CSO has profited at the expense of Experience.

25. CSO's conduct has caused and will continue to cause irreparable injury to Experience unless enjoined by this Court. Experience has no adequate remedy at law.

### **PRAYERS FOR RELIEF**

WHEREFORE, Experience demands judgment as follows:

1. Preliminarily and permanently enjoining CSO, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with CSO from:

    a. directly or indirectly infringing or contributing to or actively participating in the infringement of Experience's copyright in 1stPlace!, Registration Nos. TX 3-231567, TX 3-231575, TX 4-139928, TX 4-139932, and TX 4-422909;

    b. continuing to market, offer, sell, dispose of, license, transfer, exploit, advertise, promote, reproduce, develop, manufacture, import, or contribute to or actively participate in the marketing, offering, sale, disposing of, licensing, transferring, exploiting, advertising, promotion, reproduction, development, manufacture or importation of any products that bear, contain or incorporate any unauthorized copy or reproduction of the copyrighted 1stPlace! computer software, or any computer software that is substantially similar thereto or derived therefrom; and

    c. aiding, assisting or abetting any other party in doing any act prohibited by sub-paragraphs (a) and (b).

2. Requiring CSO to formally abandon with prejudice any and all applications for any copyright in connection with any computer software that consists of or contains protectable elements of 1stPlace!.

3. Directing that CSO file with the Court and serve upon plaintiff's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which CSO has complied with paragraphs 1 and 2, herein.

4. Awarding Experience all gains, profits, property and advantages obtained or derived by CSO from its acts of copyright infringement or, in lieu thereof, should Experience so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. § 504(c), including damages for willful infringement up to $150,000 for each infringement.

5. Awarding Experience exemplary and punitive damages to deter any future willfull infringement as the Court finds appropriate.

5. Awarding Experience double or treble damages pursuant to M.G.L. c. 93A, § 11;

6. Awarding Experience its costs and disbursements incurred in this action, including its reasonable attorneys' fees.

7. Awarding Experience interest, including pre-judgment interest on the foregoing sums.

8. Awarding such other relief as is just and proper.

## DEMAND FOR TRIAL BY JURY

Experience hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

EXPERIENCE, INC.

By its attorneys,

_____
Michael R. Gottfried (BBO# 542156)
Eric B. Goldberg (BBO# 564398)
Duane Morris LLP
470 Atlantic Avenue
Boston, MA 02210
(617) 289-9200

May 27, 2004