UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11127-JLT

EXPERIENCE, INC.

   Plaintiff

v.

CSO RESEARCH, INC.

   Defendants

**PROPOSED REPLY TO DEFENDANT CSO RESEARCH, INC.'S OPPOSITION
TO PLAINTIFF'S MOTION TO SHORTEN TIME FOR DEFENDANT
TO RESPOND TO LIMITED DISCOVERY**

  Plaintiff, Experience, Inc. ("Experience"), submits this Reply memorandum in further support of its Motion to Shorten Time for Defendant to Respond to Limited Discovery.

**I. CSO's Opposition Is Materially Misleading**

  The gravaman of CSO's Opposition to Experience's request for accelerated discovery is that Experience has requested access to its software "without any suggestion or proposal of reasonable means to protect any trade secret or confidential information of CSO that may be contained in that product," and that Experience is engaged in a "fishing" expedition. Both of these assertions are false, and fail to apprise the Court of the communications between the parties.

  Specifically, as evidenced by the email attached as Exhibit A, Experience offered to stipulate to a protective order (i) prohibiting the use of confidential or proprietary information for any reason other than in connection with this litigation; and (ii) limiting access to the information at Experience to the five Experience employees involved in the review and decisions with

respect to the litigation. Experience also agreed to provide CSO with specific examples of infringement conditioned only upon CSO agreeing not to make any changes to the user interface prior to Experience obtaining access to the software. Exhibit A. CSO declined. These omitted facts directly refute CSO's primary basis for opposing Experience's Motion.[1]

Experience seeks access to the same internet based user interface CSO sells and/or licenses to its commercial customers (which is then made available by those customers to their end users).[2] As Experience's counsel advised CSO's counsel, this is a look and feel case, and Experience has not sought and is not interested in CSO's source code. Exhibit A. Experience's counsel further explained that the claim of infringement involves issues of field labeling, compilation of screen elements and configuration, and CSO's expressive design choices, all of which infringe upon the protectable elements of the 1stPlace! user interface. Production of a commercially available product pursuant to a protective order such as the one proposed by Experience was precisely the relief afforded by the Court in Haseotes v. Abacab International Computers, Inc., 120 F.R.D. 12, 15 (D. Mass. 1988) (motion to compel production granted where computer equipment and software commercially available and entry of protective order adequate to protect defendant's interests). Based on the foregoing, CSO lacks any good faith basis to assert that its confidential information is at risk.

---

[1] Experience also offered to meet within thirty (30) days of viewing the requested discovery to try to resolve this dispute and in the meantime seek to suspend the litigation, including suspending CSO's obligation to file an Answer, provided that CSO agree that such additional time would not be argued as a basis for asserting that Experience unreasonably delayed in seeking injunctive relief. Indeed, CSO's response to this motion for limited discovery validates Experience's belief that a pre-suit dialogue would not have been productive.

[2] Experience also seeks a report itemizing any and all changes made to the user interface at any time since the initial release of Interfase CS. Nonetheless, the requested report likewise focuses on commercially available information because it is limited to a description of changes to the user interface.

**II.    Experience Acted Reasonably And Promptly**

As set forth in the Affidavit of Robert Carbonaro filed with the Motion, Experience first became concerned about the Interfase CS product in early 2004 when it became apparent to Experience that CSO was marketing the software as a successor to 1stPlace!.  Affidavit of Robert Carbonaro at ¶ 5.  Although the Interfase CS software is sold commercially, CSO admits that it is password protected, and therefore, the internet based software is not readily accessible to the public.  Appropriately, Experience deferred filing suit until it was able to review a portion of the user interface and confirm what was apparent from CSO's marketing, namely that CSO was promoting Interfase CS based on its similarity and kinship to 1stPlace!, which CSO describes on its website as the "premier system" of Mulloy's previous company.  Id.  Promptly upon completing its investigation, Experience commenced suit.

**III.    CSO's Claim That It Did Not Have Physical Possession Of The 1stPlace! Software Is No Defense To Experience's Claim Of Infringement**

CSO's contention that it lacked physical possession of the 1stPlace! software is not dispositive of Experience's claim for infringement, and should not serve as a basis for defeating Experience's request for accelerated discovery.  There is no dispute that Erik Mulloy founded CSO.  Nor is there any dispute that Erik Mulloy developed 1stPlace!.  Even accepting Mulloy's assertions that he did not have the 1stPlace! code at hand when CSO developed Interfase CS, and that CSO hired independent programmers unfamiliar with the original 1stPlace! code, it is well settled that "copying from memory would be an infringement." Fruedenthal v. Hebrew Pub. Co., 44 F. Supp. 754, 755 (S.D.N.Y. 1942 ) (citing Edwards & Deutsch Lithographing Co. v. Boorman, 15 F.2d 35 (7th Cir. 1926), cert. denied 273 U.S. 738).  See also, Alt v. Morello, 1985 U.S. Dist. LEXIS 19270 (S.D.N.Y) (photograph no less an infringement where recreated from memory); DeSilva Construction Corp. v. Herrald, 213 F. Supp. 184, 197 (M.D. Fla. 1962)

3

(discussing "recognized principle of copying from memory"); Gross v. Seligman, 212 F. 930, 931 (2nd Cir. 1914) (possession of physical reproduction not material).  It strains credibility to suggest that CSO could develop a software product marketed as the successor to its founder's "premier system" without Mulloy giving any input to the independent programmers hired for that purpose, where Interfase CS incorporates substantially similar elements of the expressive user interface, including non-standard, and non industry-specific field labeling and nomenclature that is unique to 1stPlace!.  As the original developer of 1stPlace!, Mulloy did not need to have the software in hand in order for CSO to develop an infringing product, especially where it is the look and feel of the 1stPlace! software that was infringed by CSO, and not the source code.

**IV.    The Status Of 1stPlace! In The Market Is Irrelevant To Experience's Claim Of Infringement**

Finally, CSO makes much of the fact that Experience discontinued 1stPlace! after acquiring rights to the software.  Without debating the time, Experience does not dispute that it ultimately did so.  However, it has long been recognized that "the right to exclude others is perhaps the quintessential property right."  Nixon v. United States of America, 978 F.2d 1269, 1286 (D.C. Cir. 1992) (citing Kaiser Aetna, 444 U.S. 164, 176 (1979).  Accordingly, the fact that Experience does not presently market 1stPlace! in no way diminishes its right to preclude others from marketing an infringing product.

WHEREFORE, for the additional reasons set forth herein, Experience, Inc. respectfully requests that its Motion to Shorten Time for Defendant to Respond to Limited Discovery, be allowed.

EXPERIENCE, INC.

By its attorneys,

/s/ Eric B. Goldberg
Michael R. Gottfried (BBO# 542156)
Eric B. Goldberg (BBO# 564398)
Duane Morris LLP
470 Atlantic Avenue
Boston, MA 02210
(617) 289-9200

June 21, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2004, a true copy of the above document was served upon the following attorneys of record:

Robert L. Kann
Erik Paul Belt
Bromberg & Sunstein LLP
125 Summer Street
Boston, MA 02110-1618
(617) 443-9292

(Via electronic notice and regular mail)

Beverly G. Reeves
Reeves & Brightwell LLP
8911 N. Capital of Texas Highway
Westech 360, Suite 3210
Austin, TX 78759-7249
(512) 334-4500

(Via regular mail)

/s/ Eric B. Goldberg
