UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| EXPERIENCE, INC. ) | | |
| ) | | |
| Plaintiff ) | | |
| ) | | |
| v. ) | Civil Action No. 04-11127-JLT | |
| ) | (Magistrate Judge Collings) | |
| CSO RESEARCH, INC. ) | | |
| ) | | |
| Defendant ) | **JURY TRIAL DEMANDED** | |
| ) | | |

**DEFENDANT CSO RESEARCH, INC.'S  AMENDED ANSWER
AND ORIGINAL COUNTERCLAIM**

Defendant CSO Research, Inc. ("CSO") answers the numbered allegations of the complaint and states its presently known affirmative defenses and counterclaims against Experience, Inc. ("Experience" or "Plaintiff"), as follows:

1. CSO admits that Experience has alleged an action under 17 U.S.C. § 101 *et. seq.,* but denies that the action has merit. CSO admits that it develops, markets, sells, and distributes computer software. CSO is without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 1 of the Complaint. CSO denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. CSO admits, on information and belief, the allegations contained in Paragraph 2 of the Complaint concerning the corporate status and principal place of business of Experience.

3. CSO admits the allegations contained in Paragraph 3 of the Complaint concerning the corporate status and principal place of business of CSO.

4. Paragraph 4 of the complaint states legal conclusions to which no answer is required. To the extent an answer is required, however, CSO denies that this Court has subject matter jurisdiction to the extent that the copyright registrations listed in Paragraph 9 of the complaint do not cover the allegedly infringed works or are otherwise defective. CSO denies that the Court has supplemental jurisdiction over common law claims because Experience pleads no such claims.

5. To the extent that Paragraph 5 of the complaint states conclusions of law, no answer is required. To the extent an answer is required, however, CSO admits the factual allegations contained in Paragraph 5 of the Complaint except that CSO denies that it conducted a business roundtable discussion in Boston on May 14, 2004.

6. To the extent that Paragraph 6 of the complaint states conclusions of law, no answer is required. To the extent an answer is required, however, CSO admits the factual allegations contained in Paragraph 6 of the Complaint.

7. CSO denies that Experience pioneered the first web-based college-recruiting platform. CSO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint, and therefore denies the same.

8. CSO admits the allegations contained in Paragraph 8 of the Complaint.

9. CSO admits that Erik Mulloy was granted copyright registrations for the works referenced in the Certificates of Registration attached as Exhibits 1-5 to the complaint. CSO acknowledges that Experience is referring to these works collectively as "1stPlace!." CSO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9, and therefore denies the same.

10. CSO admits, on information and belief, that on or about June 16, 1999, Tribune purchased the capital stock of ASI. CSO admits that Erik Mulloy assigned certain copyright registrations that Mr. Mulloy owned in 1stPlace! to ASI, but CSO is without knowledge or information sufficient to form a belief as to the truth of the allegation that all right, title and interest in 1stPlace! was transferred and therefore denies the same. CSO denies that Exhibit 6 of Experience's complaint is a true copy of Erik Mulloy's Copyright Assignment. CSO denies any remaining allegations of Paragraph 10.

11. CSO admits, on information and belief, the allegations contained in the first sentence of Paragraph 11 of the Complaint. CSO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11, and therefore denies the same.

12. CSO is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and therefore denies the same.

13. CSO admits that CSO created its own new, competing computer software package by using computer programmers who had had no access to 1stPlace! prior to the creation and introduction of CSO's new software into the marketplace. CSO admits that it markets its new software under the name and mark "Interfase CS." CSO denies, on information and belief, that its software is substantially similar to 1stPlace! but further avers that it is irrelevant whether the CSO software is substantially similar to 1stPlace! because the authors of the CSO software had no access to 1stPlace! when creating the CSO software. CSO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 of the complaint and therefore denies the same.

## Answer to Count I

14. CSO incorporates by reference its answers to Paragraphs 1-13 above.

15. CSO is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and therefore denies the same.

16. CSO admits that Erik Mulloy introduced 1stPlace! in 1988. CSO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16, and therefore denies the same.

17. CSO admits that 1stPlace! is an original work of authorship. The remainder of Paragraph 17 states legal conclusions to which no answer is required. To the extent an answer is required, however, CSO denies the remaining allegations.

18. CSO admits that Erik Mulloy, as the author of 1stPlace!, previously had access to the 1stPlace! at the time he authored it and was president of ASI. Mr. Mulloy has not had access to 1stPlace! since that time. CSO denies that the authors of the CSO software had access to 1stPlace! before or during the creation of the CSO software. Moreover, Mr. Mulloy is not an author of the CSO software, and he did not have physical access to or review 1stPlace! during the creation of the CSO software. Still further, he did not participate in the writing of the CSO software. CSO therefore denies the second sentence of paragraph 18 as it applies to the CSO software and any remaining allegations of paragraph 18.

19. CSO denies the implicit assertion that it needed Experience's permission or authorization when developing, marketing, and selling the Interfase CS software. The CSO software does not infringe any rights in 1stPlace!. CSO denies all remaining allegations contained in Paragraph 19 of the Complaint.

4

20. CSO admits that it has profited from the sale of the Interfase CS software. CSO denies the remaining allegations contained in Paragraph 20 of the Complaint.

21. CSO denies the allegations contained in Paragraph 21 of the Complaint.

22. CSO denies the allegations contained in Paragraph 22 of the Complaint.

23. CSO denies the allegations contained in Paragraph 23 of the Complaint.

24. CSO denies the allegations contained in Paragraph 24 of the Complaint.

25. CSO denies the allegations contained in Paragraph 25 of the Complaint.

## **AFFIRMATIVE DEFENSES**

1. Experience has failed to state a claim upon which relief can be granted.

2. The copyright claim is barred, in whole or in part, under the doctrines of estoppel, laches, waiver, acquiescence, copyright misuse, and/or unclean hands. CSO's marketing of its Interfase CS software product has been known to Experience for over two years. During that time CSO and Experience executives participated in one or more presentations that included discussions of the Interfase CS software. CSO and Experience are direct competitors. Experience never objected to the Interfase software nor had it asserted any alleged rights under copyright law against CSO prior to the filing of the present action. Experience has unreasonably delayed in asserting its claims to the detriment and prejudice of CSO. The claims of Experience are equitably estopped.

3. CSO did not have access to 1stPlace! when it created the Interfase CS software. Moreover, on information and belief, CSO's Interfase CS software is not substantially similar to any protectable portion of 1stPlace!.

4. This Court lacks subject matter jurisdiction over the copyright claim, to the extent that the registrations listed in Paragraph 9 of the complaint do not cover the allegedly infringed work and/or are defective.

5. On information and belief, Experience lacks full ownership of all right, title, and interest to necessary copyrights in 1stPlace! and therefore lacks standing to sue.

6. On information and belief, the copyright claim is barred in whole or in part by an express or implied license in 1stPlace! granted to Erik Mulloy.

7. Experience's alleged copyrights are invalid and/or defective.

8. CSO's accused Interfase CS software is not substantially similar to any protectable portion of 1stPlace!.

9. Experience's damages are limited because Experience has failed to give proper notice of its copyrights and/or CSO has acted innocently. Moreover, Experience has suffered no harm as a direct or proximate cause of any alleged copyright infringement.

10. CSO specifically reserves the right to amend, supplement or plead further, including, but not limited to the right to assert additional defenses, affirmative or otherwise, during or upon completion of discovery.

Wherefore, CSO Research, Inc. prays that each and every prayer in the Complaint be denied, that judgment be entered in favor of CSO against Experience; that CSO be awarded its costs, expenses, and attorneys' fees herein; and that the Court grant CSO such other relief as the Court deems just and proper.

## CSO'S COUNTERCLAIM

1. CSO Research seeks a declaratory judgment under 28 U.S.C. § 2201, *et seq.*, that the alleged copyrights are invalid, unenforceable, and not infringed

2. CSO is a company organized and incorporated under the laws of the State of Texas. CSO's principal place of business is 4412 Spicewood Springs, Bldg 700, Austin Texas 78759.

3. Experience, Inc., is a company organized and incorporated under Delaware law. Experience's principal place of business is in Boston, MA.

4. CSO asserts counterclaims arising under the Copyright Law of the United States, Title 17, United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over the plaintiff and counterclaim-defendant, Experience, because Experience is a resident of and does business in the Commonwealth of Massachusetts.

6. Venue in this district is proper under 28 U.S.C. §§ 1391 and 1400(a).

7. Experience alleges in its complaint that CSO infringes copyrights in 1stPlace! and that such copyrights are the subject of certain registrations identified in Paragraph 9 of the complaint. As such, Experience has created an actual controversy as to alleged infringement of 1stPlace!.

8. The alleged copyright registrations are invalid, defective, and/or do not cover the allegedly infringed work.

9. Experience may not be the owner of the copyrighted works alleged to be infringed.

7

10. CSO does not infringe the alleged copyrights and has not copied any original, protectable portions of the copyrighted works. CSO's accused software is not substantially similar to 1stPlace! or to any protectable portion thereof.

ACCORDINGLY, CSO Research respectfully requests that the Court declare that Experience's alleged copyrights are invalid, unenforceable, and/or not infringed. CSO further requests that the Court grant to CSO such further relief, including attorneys' fees and costs, as the Court deems proper.

## JURY DEMAND

CSO Research requests a trial by jury on all issues so triable.

Dated: July 7, 2004

Respectfully submitted,

CSO RESEARCH, INC.
*By its attorneys*,

/s/ Erik P. Belt
Beverly G. Reeves
Texas State Bar No. 16716500
Paul Schlaud,
Texas State Bar No. 24013469
8911 N. Capital of Texas Hwy.
Westech 360, Suite 3210
Austin, TX 78759-7249
(512) 334-4500 (Main)
(512) 334-4492 (Facsimile)

Robert L. Kann, BBO # 258025
Erik Paul Belt, BBO # 558620
Bromberg & Sunstein LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292
(617) 443-0004 (facsimile)
ebelt@bromsun.com

02901/00501 321101.1